NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM QUICK and NANCY QUICK, on behalf of themselves and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GLENN KRAMER, individually and d/b/a MIGHTY OAK FLOORING, MIGHTY OAK CONSTRUCTION, LLC and/or MIGHTY OAK HARDWOOD FLOORING & TRIM; MIGHTY OAK CONSTRUCTION, LLC; and THE HOME SERVICE STORE, INC., <br><br> Defendants. | Civil Action No. 15-5845 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before the Court on Plaintiffs' William Quick's and Nancy Quick's ("Plaintiffs") motion to remand this action to the Superior Court of New Jersey, Law Division, Middlesex County, and for costs and attorney fees, pursuant to 28 U.S.C. § 1447(c). Defendant The Home Service Store, Inc. ("HSS" or "Defendant") opposes the motion. The Court has considered the papers filed by the parties. For the reasons that follow, the Court will grant the motion to remand and deny the request for fees.

I. **BACKGROUND**

This putative class action arises out of the performance of home improvement services. Plaintiffs allege that the contract and warranties furnished in connection with the installation of

1

hardwood flooring contained provisions that violated various New Jersey state laws. Plaintiffs contend that they purchased flooring from Lumber Liquidators, Inc. after which, Defendant HSS, a nationwide organization that manages home improvement projects, solicited their installation business. HSS arranged for an affiliated independent subcontractor, Mighty Oak Construction, LLC (together with its owner, Glenn Kramer, "Mighty Oak"), to perform the work. Mighty Oak provided Plaintiffs with an estimate (the "Might Oak Contract") and a 12-Month Installation Warranty. HSS also issued a separate warranty covering the service (the "HSS Warranty").

Plaintiffs allege that the Mighty Oak Contract and both warranties are deficient in light of requirements of various consumer protection statutes and regulations, including the Consumer Fraud Act, N.J.S.A. 56:8-1, et seq., and the Home Improvement Contractor Registration Act, N.J.S.A. 56:8-136, et seq. Plaintiffs set forth these breaches as predicate violations to assert claims under New Jersey's Truth-In-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, et seq., on behalf of themselves and a putative class. The class claims[1] assert three counts of violations of the TCCWNA – one per applicable sales document.

Defendant HSS, which is a Delaware corporation with its principal place of business in Georgia, removed this action to federal court on July 29, 2015, on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On August 27, 2015, Plaintiffs moved to remand, challenging Defendant's ability to establish that the amount in controversy satisfies the jurisdictional threshold, and, in the alternative, arguing that the matter should be remanded on the basis of the local controversy exception to CAFA jurisdiction. See 28 U.S.C. § 1332(d)(4). Plaintiffs also seek costs and attorney fees incurred as a result of the removal.

---

[1] Plaintiffs also raise individual claims which are not relevant to the instant motion.

II. **DISCUSSION**

a. **Motion to Remand**

An action must be remanded to state court where "it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c). The party asserting federal jurisdiction bears the burden of showing that the case is properly before the federal court. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). In its notice of removal, HSS invokes jurisdiction under CAFA, which offers a federal forum to "class action" lawsuits in which the proposed class has at least 100 members, "the parties are minimally diverse," and "the matter in controversy exceeds the sum or value of $5,000,000." Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)). The amount in controversy for CAFA purposes is established by aggregating the claims of individual class members, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

Plaintiffs' motion to remand contests Defendant's assertion that the jurisdictional amount has been met. If jurisdiction is challenged, Defendant must establish that the jurisdictional threshold has been satisfied by a preponderance of the evidence; a plausible, good faith allegation of the amount in controversy is not sufficient. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). The Court agrees with Plaintiffs that HSS has not carried its burden.

The class claims allege three counts of TCCWNA violations. Count I, based on the Mighty Oak Contract, applies to all Defendants and seeks "statutory civil penalties of not less than $100 per contract[.]" (Compl. ¶ 108.) Count II, against HSS, arises out of purportedly illegal provisions in the HSS Warranty, and demands the same statutory penalties per consumer who received the document. (Id. ¶ 121.) Finally, Count III demands statutory damages from Mighty Oak, for each

3

12-Month Installation Warranty.  (Id. ¶ 133.)  Each count also requests reasonable attorneys' fees and costs.

To ascertain the aggregate amount in controversy, the Court needs to know the number of agreements potentially at issue.  HSS does not say.  HSS sets forth only that, during the relevant time period, it provided 10,897 referrals for home improvement services in New Jersey.  (Sheft Suppl. Cert. ¶ 4.)[2]  Even assuming that HSS used the types of documents as specified in the class definition in each instance, this information helps HSS establish an amount as to Count II only, applicable to the HSS Warranty.  The $1,416,610 in resultant damages ($100 x 10,897, plus 30% for attorney fees, which HSS accepts as a reasonable approximation) falls short of the $5 million target.

The remaining two counts concern Mighty Oak documents, the number of which, HSS admits, "is unknown[.]"  (Op. Br. at 10.)  Defendant instead asks the Court to assume that the quantity may be comparable, or even if half, avers that the penalties would still satisfy the jurisdictional threshold.  Not only can the Court not engage in such speculation, but, even allowing the number of Mighty Oak agreements to be the same, this argument cannot succeed under a proper reading of the Complaint.  HSS suggests that Count I, stating that "Defendants are liable . . . for statutory civil penalties of not less than $100 per contract," seeks damages from each defendant for each non-complying document.  HSS proposes a comparable interpretation of similarly phrased allegations in Count III, applicable to the Mighty Oak Defendants (Mighty Oak, LLC and Glenn Kramer).  The Court agrees with Plaintiffs that these claims demand damages per document, not per defendant.

---

[2] Initially, HSS submitted that it provided 8,272 referrals.  HSS then contended that the correct number is 10,897. This change is immaterial since Defendant fails to show that CAFA's amount in controversy requirement is satisfied even with the higher number.

In light of the conclusion that the counts seek "statutory civil penalties" per agreement, or per customer, in the case of Count II, the Court also cannot agree with HSS's contention that the Complaint may be read to ask for damages per predicate violation, or that the amount of actual damages bears any relevance to the determination of the amount in controversy.

Accordingly, Defendant's assertion that damages for the alleged TCCWNA violations aggregate to over $5 million across the class is not supported by the preponderance of the evidence. Because the Court has determined that HSS failed to demonstrate that federal jurisdiction is proper under CAFA, the Court does not need to address Plaintiffs' argument that the local controversy exception applies.

### b. Attorney fees

Plaintiffs also seek costs and attorney fees pursuant to 28 U.S.C. § 1447(c), which allows the Court to order the removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In exercising its discretion to award fees, the district court must assess the reasonableness of the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, while the Court concluded that HSS failed to demonstrate by preponderance of the evidence that at least $5 million was the amount in controversy at issue in this case, the Court nevertheless cannot conclude that HSS lacked "an objectively reasonable basis for seeking removal." Id. Plaintiffs clearly sought a substantial recovery and sought relief for breaches of multiple provisions of the TCCWNA, based on numerous predicate statutory and regulatory violations. Moreover, while the Court agrees with Plaintiffs that Plaintiffs sought relief based on the number of contracts, rather than statutory damages from each defendant, it certainly was not unreasonable at the time of removal for HSS to take a contrary view and base its estimate

of possible damages upon that determination. In light of this, the Court denies Plaintiffs' request for attorney fees.

### III. CONCLUSION

For the foregoing reasons, the Court is not satisfied that the amount in controversy requirement under CAFA has been met. Finding that it lacks subject matter jurisdiction, the Court must remand this action to the Superior Court of New Jersey, Law Division, Middlesex County.

Plaintiffs' motion to remand will be granted, and the request for an award of attorneys' fees in connection with the filing of this motion will be denied. An appropriate Order will be filed.


     s/ Stanley R. Chesler
    STANLEY R. CHESLER
   United States District Judge

Dated: November 30, 2015